**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

ANTONIO BENNETT, *also known as*
*Anthony Williams*,

Plaintiff,

v.

1:26-CV-0630
(AJB/PJE)

ACTING N.Y.S. DIVISION OF PAROLE, et al.,

Defendants.

**APPEARANCES:**

ANTONIO BENNETT
Astoria, New York 11106
Plaintiff pro se

**PAUL J. EVANGELISTA**
**United States Magistrate Judge**

**REPORT-RECOMMENDATION and ORDER**

Plaintiff pro se Antonio Bennett purported to commence this action on April 8, 2026, with the filing of a complaint and application for leave to proceed in forma pauperis ("IFP").[1] *See* Dkt. Nos. 1, 2. Plaintiff has also filed a motion for appointment of counsel. *See* Dkt. No. 3. The Court has reviewed plaintiff's IFP application and determines he financially qualifies to proceed IFP.[2] Accordingly, the undersigned must review the

[1] Plaintiff commenced a separate, similar action on the same day. *See* 1:26-CV-0631 (BKS/DJS), *Bennett v. Acting N.Y.S. Division of Parole, et al.*
[2] IFP status does not apply to any other costs and fees a plaintiff may incur in bringing an action, including, but not limited to, copying fees.

sufficiency of plaintiff's complaint, sua sponte, pursuant to 28 U.S.C. §§1915(e)(2), §1915A.[3] The undersigned recommends dismissing the Complaint with leave to amend.

## I. **LEGAL STANDARDS**

28 U.S.C. § 1915 provides that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[4] "Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action." *Praileau v. Fischer*, 930 F. Supp. 2d 383, 394 (N.D.N.Y. 2013).

Where, as here, the plaintiff proceeds pro se, "the court must construe his submissions liberally and interpret them to raise the strongest arguments that they suggest." *Kirkland v. Cablevision Sys.*, 760 F.3d 223, 224 (2d Cir. 2014) (per curiam) (internal quotation marks and citation omitted). As the Second Circuit stated,

> our cases have also indicated that we cannot read into pro se submissions claims that are not consistent with the pro se litigant's allegations, or arguments that the submissions themselves do not suggest, that we should not excuse frivolous or vexatious filings by pro se litigants, and that pro se status does not exempt a party from compliance with relevant rules of procedural and substantive law. . . .

[3] Despite the statutory language referring to incarcerated individuals, these requirements apply equally to non-prisoner pro se litigants seeking to proceed in forma pauperis. *See* N.D.N.Y. L.R. 72.3(d) ("Unless the Court orders otherwise, any civil action that a non-prisoner pro se litigant commences shall be referred to a Magistrate Judge for the purpose of review under 28 U.S.C. § 1915(e)(2) and 28 U.S.C. § 1915A when an application to proceed in forma pauperis is filed.").

[4] To determine whether an action is frivolous, a court must look to see whether the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

*Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 477 (2d Cir. 2006) (internal quotation marks, citations, and footnote omitted)*; see also Sealed Plaintiff v. Sealed Defendant,* 537 F.3d 185, 191 (2d Cir. 2008). Although detailed allegations are not required at the pleading stage, the complaint must still include enough facts to provide the defendants with notice of the claims against them and the grounds upon which these claims are based. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

Further, when reviewing a complaint, a court may look to the Federal Rules of Civil Procedure ("Fed. R. Civ. P"). *See, e.g.*, *Cole v. Smrtic*, No. 1:24-CV-00847 (MAD/CFH), 2024 WL 4870495, at *2 (N.D.N.Y. Nov. 21, 2024) (explaining, "special solicitude for pro se pleadings has its limits, because pro se pleadings still must comply with . . . the Federal Rules of Civil Procedure . . . .") (internal quotations and citation omitted), *report and recommendation adopted*, 2025 WL 247901 (N.D.N.Y. Jan. 21, 2025);[5] *see also* FED. R. CIV. P. 8(a)(2) (providing that a pleading shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief," "a short

[5] All unpublished cases cited in this Report-Recommendation and Order, unless otherwise noted, have been provided to plaintiff. *See Lebron v. Sanders*, 557 F.3d 76 (2d Cir. 2009) (per curiam).

and plain statement of the grounds for the court's jurisdiction . . . and . . . a demand for the relief sought . . . ."); FED. R. CIV. P. 10(b) (requiring a party to state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances.). A complaint that fails to comply with the pleading requirements "presents far too a heavy burden in terms of defendants' duty to shape a comprehensive defense and provides no meaningful basis for the Court to assess the sufficiency of their claims." *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has held, "[w]hen a complaint does not comply with the requirement that it be short and plain, the court has the power, on its own initiative . . . to dismiss the complaint." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citations omitted). However, "[d]ismissal . . . is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Id.* (citations omitted).

## II. **ANALYSIS**

Plaintiff commenced this action using a form complaint for actions brought pursuant to 42 U.S.C. § 1983. *See* Compl. The Complaint attaches numerous exhibits, totaling 635 pages. *See* Dkt. Nos. 1-1-1-13. Plaintiff subsequently filed multiple letters through which he seeks to attach additional documents to his Complaint. *See* Dkt. Nos. 6-14. Plaintiff's submissions are extensive but the allegations are not organized in a manner that permits the Court or Defendants to determine which factual allegations

support which claims, which claims are asserted against which Defendants, or the legal and factual bases for each claim.

This failure to provide proper notice renders dismissal of the complaint appropriate. The factual allegations here are exceptionally brief and unclear. Among other things,[6] Plaintiff's attachments include transcripts of New York State Parole Board hearings, dkt. no. 1-4; final Parole discharge paperwork, dkt. no. 1-3; a medical record, *id.*; copies of New York State Executive Law, dkt. no. 1-10; and drug treatment program rules, dkt. no. 1-12. Plaintiff provides no explanation or connection between these exhibits or supplemental filings and any claims against the named defendants. Plaintiff fails to allege any claim showing he is entitled to relief or to tie any of the exhibits to any claim. Moreover, Plaintiff's reliance on multiple additional submissions to supplement the Complaint is inconsistent with the rule against permitting piecemeal pleadings. *See Hanyon v. The State of New York*, 3:26-CV-168 (AJB/CBF), 2026 WL 980800, at *4 (N.D.N.Y. Apr. 13, 2026), *Report-Recommendation Adopted in Part, Rejected in Part on Other Grounds*, 2026 WL 117907 (N.D.N.Y. Apr. 30, 2026).

In addition, the Complaint fails to comply with Rule 10(b) of the Federal Rules of Civil Procedure. Plaintiff's Complaint fails to satisfy Rule 10 because he did not state his claims in "numbered paragraphs" with "each claim founded on a separate transaction or occurrence" such that the Court can discern the factual and legal basis of the

[6] Plaintiff has attached hundreds of pages of A.I.-generated conversations to his complaint and filed similar documentation as "supplements" to his complaint.

allegation. FED. R. CIV. P. 10(b). Accordingly, it is recommended that the complaint be dismissed.

When the court dismisses a pro se complaint for failure to comply with applicable pleading rules, it should allow the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995). The undersigned recommends that the Complaint be dismissed but that Plaintiff be granted leave to file an amended complaint. The amended complaint, if permitted, supersedes and replaces the original complaint in its entirety. Thus, it must not incorporate prior pleadings by reference. Any amended complaint must comply with Rules 8 and 10 and should: (1) identify each Defendant; (2) state separately each claim asserted; (3) explain the specific facts supporting each claim, including what each Defendant allegedly did or failed to do; (4) state the relief requested; and (5) explain the relevance of any attached exhibits and include page number citations to relevant information in the exhibits if the exhibits are referenced in the amended complaint.

## III. **MOTION FOR COUNSEL**

Plaintiff has filed a motion for appointment of pro bono counsel. *See* Dkt. No. 3. There is no right to counsel in a civil case. *See Burgos v. Hopkins*, 14 F.4d 787, 789 (2d Cir. 1994).

Although plaintiff states that he has contacted attorneys in an effort to obtain counsel and writes “please see thee (sic) attached[,]” he has attached no such

documentation of efforts he has made to obtain counsel on his own, as is required. Dkt. No. 3; *see Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 173-74 (2d Cir. 1989).

The main facts upon which this Court may base its decision as to whether this lawsuit is of substance are those portions of plaintiff's complaint wherein he states the facts surrounding his claims. Where a plaintiff does not provide a Court with evidence, as opposed to mere allegations, relating to his or her claims, such party does not meet the first requirement imposed by the Second Circuit relative to applications seeking appointment of pro bono counsel. *See Harmon v. Runyon*, No. 96-CV-6080, 1997 WL 118379 (S.D.N.Y. Mar. 17, 1997).

The factors to be assessed in reviewing a motion for counsel are well settled and include, "the merits of the plaintiff's case, the plaintiff's ability to pay for private counsel, the plaintiff's efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." *Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir.1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." *Id.*

In *Terminate Control Corp. v. Horowitz*, the Second Circuit stated:

> [T]he district judge should first determine whether the indigent's position seems likely to be of substance. If the claim meets this threshold requirement, the court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in th[e] case why appointment of counsel would be more likely to lead to a just determination.

28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d 58, 61 (2d Cir. 1986). Appointment of counsel must be made carefully to preserve the "precious commodity" of volunteer lawyers for those litigants who truly need a lawyer's assistance. *Cooper*, 877 F.2d at 172-73. Accordingly, appointments of counsel are not to be granted "indiscriminately." *Terminate Control Corp.*, 28 F.3d at 1341.

As the undersigned has concluded that Plaintiff's complaint must be dismissed, it has not been determined it is likely to be of substance. Therefore, assignment of counsel at this time would be premature.

## IV. **CONCLUSION**

For the reasons stated herein, it is hereby

**ORDERED**, that Plaintiff's in forma pauperis application is **GRANTED**, and it is

**RECOMMENDED,** that Plaintiff's Complaint be **DISMISSED with leave to amend**; and it is further

**RECOMMENDED,** that, if the District Judge adopts this Report-Recommendation & Order and permits plaintiff to amend, any amended complaint be directed to be filed within thirty days of the District Court's adoption of this Report-Recommendation & Order; and it is further

**RECOMMENDED**, that plaintiff's Motion for Appointment of Counsel, Dkt. No. 3, be **DENIED** without prejudice, and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon Plaintiff in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), plaintiff has fourteen[7] days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *See Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Dated: September 8, 2026
Albany, New York

Paul J. Evangelista
U.S. Magistrate Judge

[7] If you are proceeding pro se and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).